**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASIM SHANE FELLS,<br><br>                    Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | Case No. 1:15-cv-00552-BAM  HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND PETITION<br><br>DEADLINE: THIRTY (30) DAYS AFTER SERVICE OF THIS ORDER<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITIONS FOR WRIT OF HABEAS CORPUS (§ 2241 and § 2255) |

On April 10, 2015, Petitioner, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner seeks an order vacating his sentence in light of the U.S. Supreme Court's holding in *Rosemond v. United States*, 134 S.Ct. 1240 (2014). Because Petitioner either (1) erroneously seeks to challenge his original sentence under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2255 or (2) fails to allege facts by which the Court can conclude that he is entitled to seek relief under § 2241 because the remedy available under § 2255 is inadequate or ineffective, the Court dismisses his petition with leave to amend.

///

1

## DISCUSSION

A federal prisoner who seeks to challenge the validity or constitutionality of his federal conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 ( 9th Cir. 2006).  In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence using a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner seeks to do in this case. *Tripati*, 843 F.2d at 1162.

A prisoner challenging the manner, location, or conditions of the execution of his sentence may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is in custody. *Stephens*, 464 F.3d at 897; *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).  But a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. *Stephens*, 464 F.3d at 897.  Restrictions on the availability of a § 2255 motion cannot be avoided simply by filing a petition under 28 U.S.C. § 2241. *Id.*

If a federal prisoner can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention," however, he may nonetheless seek relief under § 2241. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255); *Hernandez*, 204 F.3d at 864-65.  The exception is very narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003).  The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied or because a remedy under § 2255 is procedurally barred. *See Aronson v. May*, 85 S.Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *Williams v. Heritage*, 250 F.2d 390, 390 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956). Section 2255 only provides an inadequate and ineffective remedy, permitting a petitioner to proceed under § 2241, when (1) the petitioner makes an claim of actual innocence and

(2) has never had an unobstructed procedural shot at presenting the claim. *Stephens*, 464 F.3d at 898.  The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Not only has Petitioner not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims, his petition is so vague and incomplete that the Court is unable to determine which statutory scheme is most appropriate or whether Petitioner could conceivably proceed with a petition brought pursuant to § 2241.  Accordingly, the Court dismisses the petition with leave to amend in accordance with the discussion above.  If Petitioner elects to proceed under § 2255, he is reminded to file the petition in the federal district court in which he was convicted and sentenced.

## CONCLUSION AND ORDER

The Court hereby ORDERS:

1. The Petition for Writ of Habeas Corpus is DISMISSED with leave to amend.
2. If Petitioner elects to proceed with a petition pursuant to 28 U.S.C. § 2241, he shall file a first amended petition in compliance with this order no later than thirty (30) days from the date of service of this order.
3. If Petitioner elects to proceed with a petition pursuant to 28 U.S.C. § 2255, he shall file such petition in the federal district court in which he was convicted and sentenced.
4. The Clerk of Court is DIRECTED to send Petitioner form petitions for actions to be brought under both 28 U.S.C. § 2255 and 28 U.S.C. § 2241.

///

///

///

3

5. If Petitioner fails to file a first amended petition in this district no later than thirty (30) days from the date of service of this order, this Court may dismiss this matter, without prejudice, for failure to prosecute.

IT IS SO ORDERED.

Dated: **June 5, 2015**         /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE