UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QASIM SHANE FELLS, | No. 1:15-cv-00552-SKO  HC |
| Petitioner, | **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION** |
| v. | |
| A. MATEVOUSIAN, | |
| Respondent. | **(Doc. 18)** |

Petitioner Qasim Shane Fells, a federal prisoner proceeding *pro se* with an amended petition for writ of habeas corpus pursuant to 20 U.S.C. § 2241 (Doc. 9), contends that the U.S. Supreme Court's holdings in *Watson v. United States,* 552 U.S. 74 (2007), and *Rosemond v. United States*, 134 S.Ct. 1240 (2014), invalidated Petitioner's conviction on count 3 (violation of 18 U.S.C. § 924(c)(1) and (2)).  Respondent A. Matevousian, Warden of the United States Penitentiary at Atwater, California, moves to dismiss the petition,[1] contending that Petitioner's claim is improperly advanced in a § 2241 petition.  The Court agrees and dismisses the petition for lack of jurisdiction.[2]

---

[1] The motion to dismiss references the original habeas petition (Doc. 1) rather than the amended habeas petition (Doc. 9).

[2] Pursuant to 28 U.S.C. § 636(c)(1), both parties consented in writing to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

I.     **Procedural Background**

On February 8, 1995, following trial in the U.S. District Court for the Eastern District of North Carolina, a jury found Petitioner guilty of numerous drug trafficking and firearms charges. On June 15, 1995, the North Carolina court entered a criminal judgment against Petitioner on the following counts: (1) conspiracy to possess with intent to distribute cocaine base (21 U.S.C. § 846); (2) continuing criminal enterprise (21 U.S.C. § 848); (3) use of a firearm during a drug trafficking crime and aiding and abetting (18 U.S.C. § 924(c)(1) and (2)); and (8-23) sixteen counts of possession with intent to distribute cocaine and aiding and abetting (21 U.S.C. § 841(a)(1) and (2)).  On May 7, 1996, the Court sentenced Petitioner to concurrent life terms for the convictions on counts 1 and 2; a consecutive term of 60 months for the conviction on count 3; and a 480-month term on counts 8-23, to be served concurrently with the sentence on counts 1 and 2.

Petitioner filed a direct appeal to the Court of Appeals for the 4th Circuit, which affirmed the conviction on April 20, 2000.  *United States v. Peterson*, 210 F.3d 363 (table), 2000 WL 305137 (4th Cir. Mar. 24, 2000) (Nos. 95-5407, 95-5449, 95-5518, 95-5519).  The U.S. Supreme Court denied certiorari on May 2, 2000.

Meanwhile, on or about August 15, 1997, Petitioner filed a § 2255 motion in the Eastern District of North Carolina, alleging multiple instances of ineffective assistance of trial counsel. The outcome of this motion is not clear from the record.

On September 25, 2000, Petitioner, then incarcerated in the Eastern District of Texas, filed a petition in that district for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner contended that prison officials had denied Petitioner's right to access the courts by losing legal papers intended to be mailed to the Fourth Circuit.  In an order dated October 5, 2000, the Texas District Court construed the petition as a § 2255 motion and transferred it to the Eastern District

of North Carolina. Petitioner filed multiple motions in Texas and North Carolina seeking to have the petition heard in Texas. On March 6, 2001, Petitioner moved in North Carolina for leave to amend his § 2255 motion to include six additional grounds for relief. On March 22, 2001, the North Carolina District Court granted Petitioner's motion to amend but denied his motion to recognize the § 2041 petition and returned it for resolution in Texas. On or about April 25, 2001, Petitioner filed a § 2255 motion in the Eastern District of North Carolina, alleging 23 grounds for relief. The North Carolina court denied the motion. *See United States v. Fells*, 32 Fed.Appx. 102, 2002 WL 548825 (4th Cir. April 12, 2002) (No. 01-7751) (denying a certificate of appealability and dismissing Petitioner's appeal of the District Court's denial of his § 2255 motion). The Fourth Circuit found no error and denied a certificate of appealability. *Id.*

On April 10, 2015, Petitioner filed the § 2241 petition in this Court. In 2015, Petitioner also filed a motion in the Eastern District of North Carolina to modify his sentence pursuant to 18 U.S.C. § 3582.

**II.      This Court Lacks Jurisdiction to Address the Petition**

Petitioner argues that he could not have been convicted of the use of a firearm, or aiding and abetting a co-defendant who used a firearm, in a drug trafficking crime, if the holdings in *Rosemond* and *Watson* had applied when he was tried in 1995.

A federal prisoner who seeks to challenge the validity or constitutionality of his federal conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Stephens v. Herrera*, 464 F.3d 895, 897 ( 9th Cir. 2006); *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988). Only the sentencing court has jurisdiction over § 2255 motions. *Tripati*, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence using a petition for

///

3

writ of habeas corpus pursuant to 28 U.S.C. § 2241, as Petitioner seeks to do in this case. *See id*. at 1162.

Petitioner recognizes that because he has previously prosecuted an unsuccessful § 2255 petition, the appropriate procedure would have been to petition the 4th Circuit for authorization to bring a second or successive § 2255 motion. 28 U.S.C. § 2255(h). When a petitioner seeks authorization to bring a second or successive § 2255 petition based on a change in applicable law, "a court of appeals may authorize a second or successive § 2255 motion only if the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Stephens*, 464 F.3d at 897. As Petitioner himself concedes, because the Supreme Court did not announce a new rule of constitutional law that was applicable retroactively in either *Rosemond* or *Watson*, the 4th Circuit would not have authorized his bringing his claims in a successive § 2255 motion filed in the court of conviction. As a result, Petitioner seeks relief by filing a § 2241 petition in this Court.

Under a § 2241 petition filed in the district in which he is in custody, a prisoner may challenge only the manner, location, or conditions of the execution of his sentence. *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000). A motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention. *Stephens*, 464 F.3d at 897. A petitioner cannot avoid the statutory restrictions on the availability of a § 2255 motion by filing a petition under 28 U.S.C. § 2241. *Id.*

A prisoner may seek relief under § 2241 only if he can demonstrate that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (quoting 28 U.S.C. § 2255. The exception is very narrow. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 is not inadequate or ineffective merely because a prior § 2255 motion was denied or because a

4

remedy under § 2255 is procedurally barred.  *See Aronson v. May*, 85 S.Ct. 3, 5 (1964); *Tripati*, 843 F.2d at 1162-63; *Williams v. Heritage*, 250 F.2d 390, 390 (9th Cir. 1957); *Hildebrandt v. Swope*, 229 F.2d 582, 583 (9th Cir. 1956).  Section 2255 provides an inadequate and ineffective remedy, permitting a petitioner to proceed under § 2241, only when (1) the petitioner makes an claim of actual innocence and (2) has never had an unobstructed procedural shot at presenting the claim.  *Stephens*, 464 F.3d at 898.  The petitioner bears the burden of proving these two elements.  *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963).

Here, the petition does not set forth a proper claim of actual innocence.  "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  *Bousley v. United States*, 523 U.S. 614, 623 (1998) (*internal quotation marks omitted*); *Stephens*, 464 U.S. at 898.  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  *Bousley*, 523 U.S. at 623 (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  Petitioner does no more than assert generally that no factual evidence proved that he used a firearm or was present when a co-conspirator used a firearm in the course of the drug dealing and conspiracy of which Petitioner was convicted in 1995.  Such unsupported assertions are insufficient to prove Petitioner's actual innocence under the *Bousley* standard.

*Bousley's* savings clause requires Petitioner to prove that he is actually innocent of the crimes for which he was convicted -- not that the sentence was erroneously imposed.  *See Ivy*, 328 F.3d at 1060; *Lorentsen v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000).  As a result, the § 2241 petition now before the Court does not fit within the exception that would allow Petitioner to attack collaterally the conviction and sentence imposed by the North Carolina District Court in 1995.  *Lorentsen*, 223 F.3d at 954.  *See also Harrison v. Ollison*, 519 F.3d 952, 959 (9th Cir. 2008); *Stephens*, 464 F.3d at 898-99.  This means that this Court lacks jurisdiction to address the

above-captioned petition. A federal court may not consider an action over which it has no jurisdiction. *Hernandez*, 204 F.3d at 865.

### III. <u>Certificate of Appealability</u>

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

6

Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that it lacks jurisdiction over the petition filed in this case to be debatable or wrong, or to require further adjudication. Accordingly, the Court declines to issue a certificate of appealability.

## IV. Conclusion and Order

Because Petitioner has not demonstrated that § 2255 constitutes an inadequate or ineffective remedy for raising his claims, § 2241 is not the proper statute for raising Petitioner's claims.  The Court is required to dismiss the petition for lack of jurisdiction.

Accordingly, the Court hereby ORDERS that:

1. The Petition for Writ of Habeas Corpus pursuant to § 2241 is DISMISSED;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **November 21, 2016**                    /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE